**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10164 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00663-CKJ |
| v. | |
| EDEL VERA-PAZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Edel Vera-Paz appeals from the 70-month sentence imposed following his

guilty-plea conviction for importation of heroin, in violation of 21 U.S.C.

§§ 952(a), 960(a)(1), and (b)(1)(A), and possession with intent to distribute heroin,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vera-Paz contends the district court improperly relied on his socioeconomic status to deny him a minor role adjustment under section 3B1.2(b) of the Guidelines, and thereby procedurally erred when calculating his total sentencing offense level. He further contends that his sentence is substantively unreasonable because he was treated differently than similarly-situated defendants solely because of his socioeconomic status.

The record reveals that the district court did not impermissibly rely on Vera-Paz's socioeconomic status, but rather properly concluded that Vera-Paz had not sustained his burden of proving his entitlement to a minor role adjustment. Vera-Paz knowingly transported narcotics, *see United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000), was caught with a substantial amount of heroin, *see United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991), and was prepared to accept payment in return, *see United States v. Davis*, 36 F.3d 1424, 1437 (9th Cir. 1994). Accordingly, the district court did not clearly err in finding that Vera-Paz was not a minor participant, *see United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006), nor did it commit procedural error in calculating Vera-Paz's offense level, *see United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The

record further indicates that under the totality of the circumstances, Vera-Paz's below-Guidelines sentence was substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Carty*, 520 F.3d at 993.

**AFFIRMED.**